IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JEANETTE LIVEZEY, ET AL. | § | |
| | § | |
| v. | § | Case No. 2:14-CV-523-RSP |
| | § | |
| ERNESTO FIERRO, ET AL. | § | |

## MEMORANDUM ORDER

Currently before the Court is the Defendants' Motion for Summary Judgment (Dkt. No. 52), filed on April 16, 2015 by Defendant City of Malakoff and its Chief of Police, Billy Mitchell. The third defendant, Ernesto Fierro, did not join in the motion. The case arises out of the tragic death of William Howard Livesey, Jr. following a traffic stop by Fierro on Highway 31 in Navarro County. Plaintiff alleges, and the moving defendants do not seriously contest, that Fierro, who was an off-duty police officer for the City of Malakoff, used excessive force in arresting Mr. Livesey. Mr. Livesey was transported from the scene via ambulance, and pronounced dead shortly thereafter apparently due to a heart attack induced by the events. Fierro was later convicted of aggravated assault and other charges in connection with his role in the arrest.

Plaintiffs, the surviving family of Mr. Livesey, brought this action under 42 U.S.C. §1983, alleging a deprivation of Mr. Livesey's constitutional rights. Acknowledging that there is no *respondeat superior* against a municipal employer under §1983, Plaintiffs claim that the City and the Chief of Police are liable for failure to properly screen, train and supervise Fierro. Unfortunately for the Plaintiffs, the U.S. Supreme Court has erected a very high bar for imposing liability on those grounds. In *Board of County Comm'rs v. Brown*, 520 U.S. 397, 407, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997), the Court reversed this Court for upholding a jury verdict in favor

of the victim of excessive force during a traffic stop on the same theory put forward by the Plaintiffs here. The Sheriff in *Brown* had hired a relative despite the fact that he had a "record of driving infractions and had pleaded guilty to various driving-related and other misdemeanors, including assault and battery, resisting arrest, and public drunkenness." *Id.* at 1387. The Court observed that:

> We assume that a jury could properly find in this case that Sheriff Moore's assessment of Burns' background was inadequate. Sheriff Moore's own testimony indicated that he did not inquire into the underlying conduct or the disposition of any of the misdemeanor charges reflected on Burns' record before hiring him. But this showing of an instance of inadequate screening is not enough to establish "deliberate indifference."

*Id.* at 1392. The Court then concluded:

> Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute "deliberate indifference."

*Id.* The Court found that a mere "probability" that the negligently hired officer would violate someone's rights was not sufficient. "Rather, it must depend on a finding that this officer was highly likely to inflict the particular injury suffered by the plaintiff."

Similarly, the training and supervision claims also require deliberate indifference to the known or obvious consequences of the failure. Furthermore, the plaintiff must show a pattern of inadequate training over time to multiple employees, "rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident." *Id.* at 1390.

In *Gros v. City of Grand Prairie,* 209 F.3d 431, 435 (5th Cir. 2000), the Court reversed the denial of a motion for summary judgment of qualified immunity by a Police Chief for failing to screen an officer who later violated the plaintiff's rights through excessive force. The Court

refused to consider the officer's past incidents that were not sustained by the former departments where the officer had worked.

The Fifth Circuit again reached a similar result in *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375 (5th Cir. 2005), another case in which a victim of excessive force sought to impose liability on supervisors for hiring, training and supervision failures. The Court noted that such claims require proof of deliberate indifference and that "requires a showing of more than negligence or even gross negligence." *Id.* at 381. "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is 'obvious and obviously likely to result in a constitutional violation." *Id.* at 382. "Claims of inadequate supervision and claims of inadequate training both generally require that the plaintiff demonstrate a pattern." *Id.* at 383 n. 34.

Plaintiffs' best claim here is on the hiring claim. It is undisputed that Fierro had been disciplined in the past while employed with the police departments in Dallas and Ferris. However, Plaintiffs have no evidence to show that Chief Mitchell was aware of all of the details that Plaintiffs offer in their brief, based on their lengthy investigation. The summary judgment evidence shows that Chief Mitchell did contact both previous employers and received only a modicum of information. The fact that he could have obtained more information by digging deeper is simply irrelevant under the caselaw set out above. While there was much evidence to cast doubt on Fierro's likely success as an officer for Malakoff, the evidence does not come close to meeting *Brown's* requirement that "the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right." *Supra.* at 1392.

The training and supervision claims are even weaker. The summary judgment evidence shows that the City of Malakoff required its officers to meet the continuing training requirements

of the State of Texas to maintain a peace officer's license.  There is no showing that the City or the Chief engaged in a pattern of deliberate indifference to the training needs of the officers.  The cases make clear that it is not sufficient to merely allege that they should have required more training or closer supervision on the particular subject at issue in the case.

As the Court noted at the outset, this is a tragic case, and one in which Plaintiffs may proceed to obtain a judgment against Officer Fierro.  However, there is no basis in federal law, as it is currently interpreted by the Supreme Court, to impose liability on either the City of Malakoff or Police Chief Billy Mitchell.  Accordingly, the Motion for Summary Judgment (Dkt. No. 52) is GRANTED and all claims against them will be DISMISSED.

**SIGNED this 15th day of July, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE