# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JEANETTE LIVEZEY, ET AL. § | |
| § | |
| v. § | Case No. 2:14-CV-523-RSP |
| § | |
| ERNESTO FIERRO, ET AL. § | |

## MEMORANDUM ORDER

Currently before the Court is the Plaintiffs' Motion for Summary Judgment (Dkt. No. 93), filed on June 16, 2017 by Plaintiffs Jeanette L. Livezey, individually and as Representative of the Estate of William Howard Livezey, Jr., William Harold Livezey, Susan Irene Davis, John W. Livezey, and Sandra L. Hartgers (collectively, Plaintiffs). The motion seeks judgment against Defendant Ernesto Fierro, who is the only remaining defendant following the dismissal of the claims against The City of Malakoff and Chief Billy Mitchell.

The case arises out of the tragic death of William Howard Livesey, Jr. following a traffic stop by Officer Fierro on Highway 31 in Navarro County. Mr. Livesey was the husband of Jeanette Livezey and the father of the other Plaintiffs. Plaintiffs allege, and the summary judgment evidence shows, that Fierro, who was an off-duty police officer for the City of Malakoff, used excessive force in arresting Mr. Livesey. Mr. Livesey was transported from the scene via ambulance, and pronounced dead shortly thereafter due to a heart attack induced by the events. Fierro was later convicted of aggravated assault and other charges in connection with his role in the arrest.

Plaintiffs, as the surviving family of Mr. Livesey, brought this action under 42 U.S.C. §1983, alleging a deprivation of Mr. Livesey's constitutional rights. Acknowledging that there is

no *respondeat superior* against a municipal employer under §1983, Plaintiffs claimed that the City and the Chief of Police were liable for failure to properly screen, train and supervise Fierro. Unfortunately for the Plaintiffs, the U.S. Supreme Court has erected a very high bar for imposing liability on those grounds. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 407, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997), (wherein the Court reversed this Court for upholding a jury verdict in favor of the victim of excessive force during a traffic stop on the same theory put forward by the Plaintiffs here).

Similarly, the training and supervisions claims also require deliberate indifference to the known or obvious consequences of the failure, and a pattern of inadequate training over time to multiple employees, "rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident." *Id.* at 1390. *Gros v. City of Grand Prairie,* 209 F.3d 431, 435 (5th Cir. 2000); *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375 (5th Cir. 2005). This Court reluctantly granted a motion for summary judgment in favor of The City of Malakoff and Chief Mitchell. (Dkt. No. 82). On appeal, the Fifth Circuit Court of Appeals affirmed. (Dkt. No. 91).

In the Order granting judgment in favor of the City and the Police Chief, the Court noted that this was a case "in which Plaintiffs may proceed to obtain a judgment against Officer Fierro." (Dkt. No. 82 at 4). The current motion seeks precisely that. Ernesto Fierro, despite service of the motion upon him, has not filed any opposition to it. The motion is well supported and the liability of former officer Fierro is indisputable, as is his causation of Mr. Livezey's death. The Court also finds that Plaintiffs have filed ample summary judgment evidence to support judgment against Fierro in favor of Mrs. Livezey in the amount of $2,750,000, in favor

of each of the four children in the amount of $750,000 each, and in favor of the Estate in the amount of $521,031.63. Judgment will be entered accordingly.

**SIGNED this 4th day of September, 2017.**

*/s/ Roy S. Payne*
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE